Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| CARMEN B. TÁNTALOS | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Orocovis |
|---|---|---|
| Recurrida | | |
| v. | KLCE202300942 | Caso núm.: OR2023CV00083 (001) |
| [T]OROVERDE CORP., Y OTROS | | |
| Peticionarios | | Sobre: Accidentes en Establecimientos Comerciales |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece ante este tribunal apelativo Toro Verde Enterprises y Universal Insurance Corporation (los peticionarios) mediante el *Recurso de Certiorari* de epígrafe solicitándonos que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Orocovis (TPI), el 24 de julio de 2023, notificada el 1 de agosto de siguiente. Mediante este dictamen, el foro primario denegó la *Moción de Desestimación* presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, denegamos expedir el recurso de *certiorari* solicitado.

### I.

El 9 de octubre de 2019, la Sra. Carmen B. Tántalos (la señora Tántalos o la recurrida) presentó una demanda sobre daños y perjuicios contra los peticionarios en el Tribunal de Distrito Federal para el Distrito de Puerto Rico. En esencia alegó que, el 26 de mayo de 2019 en una excursión, visitó las instalaciones de Toro Verde en el municipio de Orocovis y al utilizar la tirolina (*zipline*) llamada *El Monstruo*, el sistema de frenos fue operado negligentemente. Arguyó

que el operador falló en activar el freno y reducir la velocidad lo que ocasionó que sufriera una serie de daños al chocar con varios objetos mal ubicados en la plataforma de aterrizaje. Adujo que, como resultado del accidente, tuvo que recibir tratamiento médico por las lesiones ocasionadas. Sin embargo, la señora Tántalos desistió de su reclamo, ante la corte federal, a la luz de la Regla 41(a)(1)(A)(i) de las Reglas de Procedimiento Civil Federal.

El 10 de enero de 2020, la señora Tántalos instó su reclamo en daños y perjuicios ante el Tribunal de Primera Instancia, <u>Sala Superior de Aibonito</u> (AI2020CV00003). Tras varios incidentes procesales celebrados en la región judicial de Orocovis, las partes presentaron **una moción conjunta en la que solicitaron el desistimiento sin perjuicio** al amparo de la Regla 39.1(b) de las de Procedimiento Civil, *infra*, y que el término prescriptivo para ejercer la acción de daños y perjuicios comenzara a partir de la orden del tribunal. Atendida la solicitud, el 6 de julio de 2021, el TPI dictó una Sentencia declarando *ha lugar* **el desistimiento voluntario de la demanda sin perjuicio**.[1] Además, estableció que el término prescriptivo para ejercer la acción comenzaría a partir de la fecha de emitida la referida sentencia.

El 12 de enero de 2022, la señora Tántalos incoó nuevamente su acción de daños y perjuicios ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico. Sin embargo, su reclamo no tuvo éxito puesto que **<u>fue desestimado sin perjuicio</u>** ante la falta de jurisdicción. Específicamente el tribunal federal concluyó que esta había pactado una cláusula de selección de foro por la cual se obligó

---

[1] Véase el Apéndice del Recurso, a la pág. 59. La Sentencia se notificó al día siguiente. Destacamos que en el dictamen el TPI consignó "[d]ada en Aibonito para Orocovis." En la notificación, como en todas las expedidas en dicho caso, surge del epígrafe, Centro Judicial de Aibonito, Sala Superior de Orocovis. La Región Judicial de Aibonito está compuesta por los siguientes municipios: Aibonito, Barranquitas, Coamo, Comerío y Orocovis.

a presentar cualquier causa de acción en los tribunales estatales de Puerto Rico.[2]

Así las cosas, el 8 de mayo de 2023 la señora Tántalo presentó una Demanda en daños y perjuicios ante el Tribunal de Primera Instancia, <u>Sala Superior de Orocovis</u>. Luego de renunciado al emplazamiento y; por tanto, dándose por emplazada, Toro Verde presentó una moción de desestimación en la que sostuvo que cuando se presentó la demanda, por segunda ocasión ante el tribunal federal, la recurrida agotó su última oportunidad para litigar su acción. Los peticionarios sostuvieron que la recurrida asumió el riesgo de la desestimación al voluntariamente y a sabiendas presentar su pleito en el foro federal para probar *su suerte*, aún cuando había desistido ante ese tribunal en una ocasión anterior.[3]

Por su parte, la señora Tántalos se opuso a la desestimación al indicar que había desistido su demanda voluntariamente solo una vez. Asimismo, arguyó que el asunto objeto de la moción de desestimación era cosa juzgada por el tribunal federal mediante una sentencia final y firme.

Atendidas las mociones, el TPI emitió el dictamen recurrido en el cual declaró *No Ha Lugar* a la moción de desestimación y pautó la continuación de los procedimientos.

Inconforme con dicha determinación, los peticionarios presentaron el recurso que nos ocupa imputándole al foro a *quo* haber cometido los siguientes errores:

> ERRÓ EL TPI EN DENEGAR LA MOCIÓN DE DESESTIMACIÓN PUES TÁNTALOS, AL PRESENTAR LA DEMANDA POR TERCERA VEZ EN EL TRIBUNAL FEDERAL, INCUMPLIÓ CON Y RENUNCIÓ A LOS TÉRMINOS DE LA ESTIPULACIÓN DE DESISTIMIENTO HECHA AL AMPARO DE LA REGLA 39.1(A)(2).

---

[2] *Íd.*, a la pág. 101.
[3] Véase el Apéndice del Recurso, a la pág. 11.

ERRÓ EL TPI EN DENEGAR LA MOCIÓN DE DESESTIMACIÓN PUES TÁNTALOS, AL PRESENTAR LA DEMANDA POR CUARTA VEZ EN EL TRIBUNAL ESTATAL, INCURRIÓ EN *FÓRUM SHOPPING*, VIOLENTANDO ASÍ LOS PRINCIPIOS DE ECONOMÍA PROCESAL Y EL PROPÓSITO QUE PERSIGUIÓ LA ESTIPULACIÓN.

ERRÓ EL TPI EN DENEGAR LA MOCIÓN DE DESESTIMACIÓN PUES LA SENTENCIA FEDERAL EN TÁNTALOS III PERMITIÓ QUE EL PLEITO FUESE REINSTADO DENTRO DEL FORO FEDERAL, NO ASÍ EN EL FORO ESTATAL UNA CUARTA VEZ.

El 29 de agosto de 2023, emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días para expresarse. El 11 de septiembre siguiente, la parte recurrida presentó una *Moción de Desestimación* … la cual fue declarada *No Ha Lugar* y se le concedió a dicha parte el término de diez (10) días para presentar su memorando en oposición.[4] El 25 de septiembre de 2023 se cumplió con lo ordenado, por lo que nos damos por cumplidos y decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de esta regla, la cual limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia. Entre otras razones, dicha regla dispone que solamente se expedirá el recurso de *certiorari* cuando se recurra "de la denegatoria de una moción de carácter dispositivo". Regla 52.1 de Procedimiento Civil, *supra.*

---

[4] Véase la *Resolución* del 13 de septiembre de 2023.

Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

De otra parte, la Regla 39.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, en sus incisos (a) y (b) regula las diferentes formas de desistimiento de las reclamaciones judiciales en el ámbito civil. El inciso (a), de la antedicha norma, preceptúa las instancias

en las que la parte demandante **puede desistir de un pleito de manera voluntaria**, esto es: a través de un aviso de desistimiento o **mediante una estipulación de desistimiento** firmada por todas las partes comparecientes. El inciso (b) atiende las instancias no cubiertas por el inciso (a) de la regla. En este escenario, el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes; **entre estas que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado**. *Pagán Rodríguez v. Pres. Cams. Legs.*, 206 DPR 277, 287 (2021).

En lo aquí pertinente, la regla reconoce la doctrina de los dos desistimientos, la cual dispone que un segundo desistimiento tendrá el efecto de una adjudicación en los méritos. Ahora bien, según reconocido por el Tribunal Supremo, "[é]sta [doctrina] solamente aplica a los desistimientos hechos mediante el aviso del litigante y no por estipulación de las partes". *Pramco CV6, LLC. v. Delgado Cruz y otros*, 184 DPR 453, 460 (2012). El propósito primario de esta doctrina de los dos desistimientos es limitar el uso irrazonable por el demandante de su derecho unilateral a desistir en etapas tempranas del procedimiento. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., San Juan, Publicaciones JTS, 2011, Tomo III, a la pág. 1140. Así, desistimientos sucesivos por estipulación, que expresan ser sin perjuicios, no impiden que se entable nuevamente la acción. Cuando "el desistimiento se produce mediante estipulación, las demás partes que han comparecido al pleito tienen que necesariamente aprobar el desistimiento y; por consiguiente, en evitación de gastos y molestias ulteriores, pueden exigir ellas mismas que el desistimiento sea con perjuicio." *Íd.*, a la pág. 1144.

**III.**

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*, y posteriormente según los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Examinado el expediente ante nuestra consideración, si bien se trata de la denegatoria de una moción dispositiva, no se encuentran presentes las condiciones que ameritan la intervención de este Tribunal de Apelaciones.

En síntesis, los peticionarios señalan que procede la revocación de la *Orden* recurrida debido a que la señora Tántalos incumplió con las estipulaciones que las partes le presentaron al Tribunal de Primera Instancia al momento de ordenar el desistimiento sin perjuicio. Sin embargo, de la lectura de la moción conjunta; así como de la Sentencia dictada en el caso identificado alfanuméricamente AI2020CV00003, no surge que se hubiese plasmado el alegado acuerdo de instar el próximo caso nuevamente en el mismo foro estatal.[5] Además, ni tan siquiera en la referida Sentencia se expresó la reapertura del caso a solicitud de parte. Por otro lado, tanto el desistimiento inicial (en la corte federal), como la desestimación posterior dictada por dicho foro, han sido decretadas **sin perjuicio** por orden del tribunal. Estos dictámenes advinieron finales y firmes. Tampoco obviemos que el único desistimiento en el tribunal local **fue por orden del TPI** al tenor de un **acuerdo por estipulación** de las partes por lo que **no fue uno unilateral** instado por la parte demandante (aquí recurrida). En el cual, como vimos, las partes le solicitaron al tribunal primario que una de las condiciones fuese que se decretara **sin perjuicio**.[6]

---

[5] Véase el Apéndice del Recurso, a las págs. 56-59.

[6] Surge de la Minuta de vista de *Status Conference* celebrada el 22 de junio de 2021, que las representaciones legales de las partes **alcanzaron este acuerdo para evitar que el foro *a quo* pudiese desestimar el nuevo pleito**. *Íd.*, a las págs. 53-54.

De otra parte, en nuestro sistema judicial existe una sola jurisdicción y, de ser necesario, los peticionarios tienen disponible el mecanismo de traslado, regulado por las Reglas 3.1 y 3.5 de las Reglas de las de Procedimiento Civil, 32 LPRA Ap. V, de entender que el foro más apropiado para la adjudicación de la causa es en el municipio de Aibonito.[7] Puntualizamos que los procedimientos del caso, presentado en el Tribunal de Aibonito e identificado alfanuméricamente AI2020CV0003, se celebraron en la Sala Superior de Orocovis la cual forma parte de la misma Región Judicial.

En fin, reiteramos que de la lectura del *Recurso de Certiorari* no surge razón alguna por la que debamos de intervenir con la *Orden* recurrida, ello por no estar presentes los criterios de la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[7] Véase, *Ramírez Sainz v. S.L.G. Cabanillas*, 177 DPR 1, 36 (2005).